[No. 16769.   Department One.   March 18, 1922.]

## THE CITY OF SEATTLE, *Respondent*, v. LILY CURTIS, *Appellant*.[1]

NUISANCE (31-1)—PROSECUTION—ISSUES AND VARIANCE. In the absence of objection to the complaint, it is not error to admit evidence of the condition of particular portions of the premises, although not set out in the complaint.

SAME (30)—JURISDICTION—NOTICE. It is not a prerequisite to a criminal prosecution for a nuisance that notice was given to the owner.

SAME (32)—EVIDENCE. In a prosecution for a nuisance by tenants of the defendant, notice to the owner is sufficiently shown by oral notice and knowledge of the posting of written notice.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 23, 1921, upon

[1]Reported in 205 Pac. 374.

a trial and conviction of maintaining a nuisance. Affirmed.

*Reuben D. Hill,* for appellant.

*Walter F. Meier, George A. Meagher,* and *H. R. Fullerton,* for respondent.

MITCHELL, J.—The appellant was convicted in the police court of Seattle of the crime of permitting premises belonging to her to become nauseous, foul, offensive and injurious to the public health, and unpleasant and disagreeable to adjacent residents, contrary to an ordinance of the city. She appealed to the superior court and was again convicted.

It is argued that the court committed error in allowing, and afterwards refusing to strike, certain testimony of the city's witnesses relative to the condition of particular portions of the premises it was claimed by the city and its health officers constituted a nuisance. It is insisted they were not set out in the complaint. But the complaint was in no way moved against; it is in the language of the ordinance and was sufficient to allow the testimony objected to.

The argument that the court committed error while the evidence was being given, by a ruling that notice to the owner of the premises before the commencement of this action was not required by the law, may be disposed of by noticing that this is not an action for the abatement or suppression of a nuisance, but is a criminal action for the violation of an ordinance of the city against the maintenance of a nuisance.

There was ample testimony, though disputed, to show that the appellant had ample notice of the condition of the premises that the authorities complained of, and that she refused to remedy the unsanitary condition. She was notified orally and, also, in writing, by

notice posted by the commissioner of health upon the building next to but other than the building mentioned in the complaint. Some contention is made by the appellant that proof of the notice posted was prejudicial, but clearly not so, since the notice referred to and mentioned the building upon which it was put, and also the building described in the complaint, both of which were adjoining, and all the property of the appellant. It was shown the appellant was aware of the posting of the notice. Manifestly, the purpose of the proof was to show that she, who had tenants in the property, had actual notice of the condition of the property and that the public authorities were claiming it to be a nuisance.

It is also contended the evidence was insufficient to justify the verdict and that a new trial should have been granted, but the record satisfies us to the contrary. Affirmed.

PARKER, C. J., BRIDGES, FULLERTON, and TOLMAN, JJ., concur.